[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

No. 11-11948
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00157-CDL

DYNESHIA D. JOSEPH,

Plaintiff-Appellant,

versus

COLUMBUS BANK AND TRUST COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 18, 2011)

Before  BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Dyneshia Joseph, an African-American female, appeals the district court's

grant of defendant Columbus Bank and Trust Company's ("CB&T") motion for

summary judgment as to her complaint alleging racial discrimination in employment, raised pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).[1] On appeal, Joseph, who was ultimately fired by CB&T, allegedly due to: (i) her failure to consistently perform the sales aspect of her job and (ii) her frequent absenteeism, argues that the district court failed to construe the record before it in the light most favorable to her, the non-movant, as it should have under the law governing motions for summary judgment. Joseph also contends that the court erred by finding that Peggy Kennon, a white female co-worker, was not a comparator, as she and Joseph had experienced similar difficulties, and Kennon was promoted, while Joseph was fired. Finally, Joseph asserts that she demonstrated that CB&T's articulated reasons were pretextual, as her improving sales belied CB&T's poor sales performance rationale and little evidence was presented of her attendance problems.

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*).

---

[1]Joseph also alleged claims for gender discrimination and breach of contract. However, the court later deemed these claims abandoned before awarding summary judgment to CB&T in these respects. Because Joseph does not challenge this decision on appeal, any gender discrimination or breach of contract claims are abandoned. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (holding that issue not argued on appeal deemed waived).

Summary judgment is appropriate where the moving party demonstrates that no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in [her] favor." *Chapman*, 229 F.3d at 1023.

Title VII prohibits an employer from discriminating against a person based on race. 42 U.S.C. § 2000e-2(a)(1). Where, as here, the plaintiff relies on circumstantial evidence of discrimination, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Under that framework, a plaintiff is first required to establish a *prima facie* case of discrimination. *Id.* To do that, she may show, among other things, that her employer treated similarly situated employees who were not members of her protected class more favorably, or replaced her with someone outside of her protected class. *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). If the plaintiff presents a *prima facie* case and the employer offers legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to show that the stated reasons are mere pretexts for unlawful discrimination. *Alvarez*, 610

F.3d at 1264. A reason is not pretext for discrimination unless it is shown both that the reason was false and that discrimination was the real reason. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993).

Ultimately, an employee must meet the employer's stated reason "head on and rebut it, and [she] cannot succeed by simply quarreling with the wisdom of that reason." *Alvarez*, 610 F.3d at 1266. To show pretext, the plaintiff must "come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Wascura v. City of South Miami*, 257 F.3d 1238, 1243 (11th Cir.2001) (quotation marks omitted).

The inquiry into whether an employer's proffered reasons were merely pretextual centers on the employer's beliefs, not the beliefs of the employee or even the objective reality. *Alvarez*, 610 F.3d at 1266. Conclusory allegations or unsupported assertions, without more, "are not sufficient to raise an inference of pretext[.]" *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996). If the plaintiff "does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's

4

articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim." *Chapman v. AI Transport*, 229 F.3d 1012, 1024-25 (11th Cir. 2000); *see also Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1309 (11th Cir. 2007) (holding that plaintiff who failed to rebut each legitimate nondiscriminatory reason of the defendant failed to raise a genuine issue of material fact about whether those reasons were pretext for discrimination).

Upon review of the record and consideration of the parties' briefs, we affirm. The record here supported each of the reasons given for termination. First, Joseph provided CB&T with sufficient reason to believe that she was unwilling to perform the sales aspect of her job, based on her: (1) inconsistent and generally poor sales efforts; (2) failure to follow up on her supervisors' plan for her to improve her sales; (3) statement to a supervisor that she did not wish to perform that aspect of her job; and (4) statements to her supervisors that she was "throwing in the towel," and that she did not wish to be considered for any upcoming opportunities, that her job wasn't for her, and that she was just waiting to move on to other opportunities. Second, Joseph presented no evidence to support her claim that she never had the attendance problems that CB&T ascribed to her, while CB&T presented evidence that Joseph had been counseled for lateness and absenteeism as early as 2003, was often late to work, had been informed that her

5

development as an employee was being impaired by her rate of absenteeism, and had been told that she needed to make arrangements for the care of her children that did not involve her being absent from work. She, therefore, failed to meet these reasons "head on and rebut [them]." *See Alvarez*, 610 F.3d at 1266. Furthermore, Joseph did not demonstrate pretext through CB&T's treatment of Kennon, because there was no evidence presented that Kennon was treated differently, as Joseph was also offered the opportunity to become a personal banker. *Maynard*, 342 F.3d at 1289.

In sum, because Joseph did not present evidence to show that CB&T's reasons for her termination were both false and discriminatory, we affirm.

**AFFIRMED.**